**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 1:15-181** |
| **JULIO AVILES, SR.,** | : | **(JUDGE MANNION)** |
| **Defendant** | : | |

**<u>MEMORANDUM</u>**

Before the court is the *pro se* motion to vacate conviction and correct sentence pursuant to 28 U.S.C. §2255 filed by the defendant Julio Aviles, Sr., based upon claims of ineffective assistance of appellate counsel, and claims of malicious prosecution against law enforcement officers and the prosecutor as well as claims that they violated his constitutional rights during grand jury proceedings and at his trial. (Doc. 964). Also pending are Aviles' motion for summary judgment, (Doc. 986), his motion for an evidentiary hearing, (Doc. 993), and his motion for appointment of counsel to assist him with his §2255 motion, (Doc. 995), pursuant to18 U.S.C. §3006A. For the reasons set forth below, Aviles' §2255 motion will be **DENIED IN ITS ENTIRETY** without the need for an evidentiary hearing. Aviles' motion for summary judgment and his motion for appointment of counsel will also be **DENIED**.

## I.   BACKGROUND[1]

By way of relevant background, on August 26, 2015, a grand jury returned a 21-count indictment charging Aviles and 12 co-defendants with drug trafficking and firearms offenses. (Doc. 1). Aviles was charged in 12 of the counts in the indictment. On September 3, 2015, Aviles entered a plea of not guilty to all charges filed against him. (Doc. 72).

Prior to trial, on January 4, 2016, Aviles filed, though his appointed counsel, a motion to suppress evidence seized during the execution of a search warrant, arguing that the warrant was not based upon probable cause, but was instead impermissibly based upon false statements or omissions in the warrant application. (Doc 199). The court conducted an evidentiary hearing on the suppression motion on February 1, 2016.[2]

On June 15, 2016, the court denied Aviles' suppression motion, and found that the search warrant application was properly issued based upon five controlled buys of heroin by a confidential informant that took place between February 10, 2015, and May 13, 2015. (Doc. 254, at 3). Based on

---

[1]Since the complete background of this case through the imposition of Aviles' original sentence is detailed in the Third Circuit's precedential opinion filed on September 12, 2019, (Doc. 822-2), in which the Court affirmed the district court's denial of Aviles' suppression motion, but vacated the district court's sentence of life imprisonment and remanded the case for resentencing, it is not fully repeated herein.

[2]This case was originally assigned to Judge Jones who presided over Aviles' suppression hearing and trial, and imposed Aviles' original and amended sentences. Following Judge Jones' retirement, the undersigned was assigned Aviles' case for further proceedings.

the affidavit in support of the search warrant application, it was averred that all the buys except for one were transacted using drug task force funds that were provided to the confidential informant by officers overseeing the investigation. (Id.). At the suppression hearing, the government conceded that during one additional controlled drug buy, a nonmonetary item was also exchanged for drugs. (Id. at 4). Aviles argued that the discrepancies about the items the confidential informant exchanged for drugs amounted to materially false statements that invalidated the entire search warrant. Based upon the hearing testimony, the court found that the undisputed inconsistencies and omissions in the search warrant affidavit were not made deliberately or recklessly and thus, denied Aviles' motion to suppress. (Doc. 254 & Doc. 822-2 at 5-6).

Subsequently, Aviles proceeded to trial and he was convicted of all of the charges filed against him, to wit: conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin, at least 280 grams of cocaine base, and cocaine hydrochloride, in violation of 21 U.S.C. §846, (Count 1); possession with intent to distribute at least 100 grams of heroin, in violation of 21 U.S.C. §841(a)(1), (Count 2); possession with intent to distribute at least 28 grams of cocaine base, in violation of 21 U.S.C. §841(a)(1), (Count 3); possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §841(a)(1), (Count 4); distribution of cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. §841(a)(1),

(Counts 5 and 6); distribution of heroin, in violation of 21 U.S.C. §841(a)(1), (Count 11, 14, and 15); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §924(c)(1)(A), (Count 19); unlawful possession of a firearm, in violation of 18 U.S.C. §922(g)(1), (Count 20); and maintaining a drug premises, in violation of 21 U.S.C. §856(a), (Count 21). (Doc. 437).

After the trial concluded, the court direct the Probation Office to prepare a pre-sentence report ("PSR") prior to scheduling Aviles' sentencing hearing.

Since the details of Aviles' large drug-trafficking operation, his leadership role in overseeing the drug-trafficking conspiracy, and the facts of his offense conduct are described at length in the PSR and therefore not repeated herein, and are incorporated by reference. (*See* Doc. 598, PSR ¶¶ 4-35). The PSR also stated Aviles' criminal history, which included his prior drug-trafficking convictions. (PSR ¶¶ 59-65). Based on his prior convictions, the court found Aviles to be a career offender under U.S.S.G. §4B1.1(a) and (b)(2). (PSR ¶ 56). Aviles' guideline range regarding his conviction on Count 1 of the indictment was life since this offense carried a mandatory term of life imprisonment. (PSR ¶ 100).

Thus, on August 27, 2018, the court sentenced Aviles to life imprisonment plus a mandatory consecutive sentence of 60 months'

imprisonment for his firearm conviction under 18 U.S.C. §925(c)(1)(A). (Doc. 759).

Aviles, through his appointed appellate counsel, Assistant Federal Public Defender Quin M. Sorenson, filed a timely notice of appeal on September 4, 2018, with respect to his conviction and sentence. (Doc. 761).

Specifically, on appeal, Aviles' counsel raised the following two issues:

1. Whether the district court erred in denying the motion to suppress evidence obtained pursuant to a search warrant, when the warrant was based on an affidavit of probable cause containing material misstatements and omissions that were made deliberately and recklessly by investigating officers; and

2. Whether the district court erred in holding that the defendant was subject to mandatory life imprisonment under 21 U.S.C. §841(b), based on prior state drug convictions, when those convictions did not qualify as predicate convictions under the former version of the statute and when the statute has since been amended to eliminate the mandatory life imprisonment provision entirely.

*See* United States v. Aviles, No. 18-2967 (3d Cir.). (Doc. 822-2 at 9); (*see also* Doc. 989-1, Gov't Ex. 1, App. Brief at 2-3).

The Third Circuit conducted oral argument on Aviles' appeal on July 9, 2019, and Appellate counsel appeared on behalf of Aviles.

On September 12, 2019, the Third Circuit issued a precedential opinion and affirmed the district court's denial of Aviles' motion to suppress but vacated his life imprisonment sentence and remanded his case for resentencing. (Doc. 822-2). *See also* United States v. Aviles. ** F.4th *** (3d Cir. 2019).

The Third Circuit found in relevant part, with respect to Aviles' suppression motion, that "regardless of whether the alleged omissions or misstatements [in the search warrant application] were made knowingly or falsely, Aviles has failed to substantially show that probable cause would have been lacking if they had not been made." The Court then specifically discussed portions of the facts that "were supported by the affidavit [of probable cause] and [which] would have been unaffected by the deletion of the misstatements and the inclusion of the omissions." These specific facts stated in the Third Circuit's opinion, (Doc. 822-2 at 11-12), are discussed below.

Thus, the Third Circuit affirmed the district court's decision denying Aviles' suppression motion and affirmed the validity of the search warrant in his case.

The Third Circuit however, reversed the district court's finding that Aviles was a career offender since it found that two of his prior convictions in New Jersey and Maryland did not qualify as felony drug offenses. (Doc. 822-2, at 25). Thus, the Third Circuit vacated Aviles' life sentence and remanded his case for resentencing without the career offender classification.

On October 21, 2020, the district court resentenced Aviles to 360 months' imprisonment. (Doc. 903). Aviles appealed his new sentence and on July 29, 2021, the Third Circuit affirmed Aviles' judgment of sentence. (Docs. 955 & 968-2). Aviles did not file any further direct appeal.

On August 16, 2021, Aviles timely filed his instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255. (Doc. 964). On October 1, 2021, Aviles filed his brief in support of his motion, (Doc. 985), as well as his motion for summary judgment, (Doc. 986). In his so-called "Motion To Summary Judgment", Aviles claimed that since the government failed to timely file a response to his §2255 motion, it means that "the government concede (sic) to all the allegation (sic) that [he] presented in [his] [§2255 motion]." As relief in his motion for summary judgment, Aviles requests the court to immediately release him from prison.

However, the government did not fail to timely respond to Aviles' §2255 motion as he contends. Rather, on September 20, 2021, the government filed a motion for an extension of time to respond to Aviles' motion, and the court granted the request and gave the government until October 4, 2021 to respond. (Docs. 981 & 982). Subsequently, on October 1, 2021, the government filed a second request for an extension of time, and the court granted it giving the government until October 15, 2021 to respond to Aviles' motion. (Docs. 987 & 988).

The government then timely filed its brief in opposition to Aviles' §2255 motion on October 15, 2021, with attached Exhibits. (Docs. 989 & 989-1).

As such, Aviles' motion for summary judgment, (Doc. 986), which is not a proper motion in a §2255 proceeding, will be denied since it is baseless.

Aviles filed his reply brief on November 1, 2021, along with his so-called "Affidavit of Bias." (Docs. 990 & 991). In his Affidavit, Aviles alleges that Judge Jones was biased against him during this case and allowed numerous violations of his constitutional rights to occur during his trial. Aviles requests that Judge Jones be disqualified from ruling on his §2255 motion and that another judge be assigned his motion.

Although, the court finds Aviles' unsubstantiated allegations in his Affidavit to be completely without merit, his request for relief is moot since the undersigned has now been assigned his case due to Judge Jones' retirement.

On December 7, 2021, Aviles filed a motion for an evidentiary hearing, (Doc. 993), and on January 12, 2022, he filed a motion for appointment of counsel to assist him with his §2255, (Doc. 995).

On February 22, 2022, Aviles sent a letter to the court, incorrectly addressed to "magistrate judge Mannion", alleging that the government, in his indictment, and the court, at his sentencing, erroneously attributed a certain quantity of heroin to him even through there was no proof that the drug was his. Aviles indicates that his allegations require an evidentiary hearing on his instant motion, as he had previously requested.

Aviles is presently confined at USP Victorville where he is serving his aggregate 360 months prison sentence and his projected release date is December 5, 2040.

- 8 -

## II.   STANDARD

When a district court judge imposes a sentence on a defendant who believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255. *See* United States v. Eakman, 378 F.3d 294, 297-98 (3d Cir. 2004).

The rule states, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See* United States v. Bendolph, 409 F.3d 155, 165 n.15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

A Section 2255 motion "is addressed to the sound discretion of the district court." United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). A motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his federal sentence for any error that occurred at or prior to sentencing. *See* In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). In order to prevail on a Section 2255 motion to vacate, set aside, or correct a sentence, the defendant must show "(1) an error of constitutional

magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." United States v. Bates, 2008 WL 80048, at *2 (M.D. Pa. Jan. 7, 2008) (quoting Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003)). The defendant bears the burden of proof under Section 2255 and must demonstrate his right to relief by a preponderance of the evidence. United States v. Ayers, 938 F.Supp.2d 108, 112 (D. D.C. 2013).

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to counsel. The United States Supreme Court has found that "the right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

Thus, under *Strickland*, to prove that his counsel was deficient at trial or sentencing, the defendant must convince the court of two factors, deficient performance by counsel and prejudice from that deficient performance. "First, the defendant must show that counsel's performance was deficient." *Id.* at 687. Satisfying the first factor, deficient performance, requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." *Id.* Substandard lawyering is not enough to obtain relief. In assessing an attorney's performance, courts apply a highly deferential level of scrutiny. *See* Marshall v. Cathel, 428 F.3d 452, 462 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 689). This deference is afforded because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

To satisfy the second factor of the *Strickland* test, "the defendant must show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* In other words, "the party claiming ineffective assistance 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Campbell v. Burris, 515 F.3d 172, 184 (3d Cir. 2008) (quoting Strickland, 466 U.S. at 694). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings . . . not every error that conceivably could have influenced the outcome undermines the reliability of the proceeding." *Id.* (quoting Strickland, 466 U.S. at 693). Additionally, counsel cannot be held to be ineffective for failing to pursue a meritless issue. Werts v. Vaughan, 228 F.3d 178, 203 (3d Cir. 2000).

Relief under section 2255 for ineffectiveness of counsel is only available to defendants who make adequate showings with respect to both factors of the *Strickland* test. See Strickland, 466 U.S. at 686. "A failure to make the required showing on either prong defeats a defendant's ineffective assistance of counsel claim." Ayers, 938 F.Supp.2d at 113.

## III.   DISCUSSION

The court has jurisdiction over Aviles' present motion pursuant to 28 U.S.C. §§1331 and 2241.

In his §2255 motion for relief, (Doc. 964), Aviles requests the court to vacate his amended judgment of conviction and sentence entered on October 21, 2020, (Doc. 903), and to release him from prison. He bases his requests on four claims, which include claims of ineffective assistance of appellate counsel. Aviles basically asserts the following grounds in his motion: 1) 4th and 5th Amendment violations due to "prosecutorial abuse of power and malicious prosecution" since the officers falsely swore to the veracity of the search warrant application that contained "materially inaccurate" information, including facts about a controlled drug buy by a confidential informant, and since the prosecutors "cover[ed] up all the illegal conduct [by officers]" and utilized the evidence seized even though they knew that information in the affidavit was false; 2) ineffective assistance of

appellate counsel by failing to raise issues in his direct appeal that were based on "facts, transcripts and all the evidences (sic) that are on record", and ineffective assistance of trial counsel (Lori Ulrich) for failing to call the confidential informant as a witness at his trial; 3) illegal search and seizure in violation of the 4th Amendment since the officers presented the magistrate judge with affidavits of probable cause in which they knowingly and intentionally committed "material perjury" in support of the search warrant application, and since the officers also "knowingly and intentionally" did not testify truthfully during the grand jury proceeding, and since officers searched property not included in the search warrant; and 4) a 5th Amendment due process violation for "material perjury on grand jury procedure", since the officers committed perjury when testifying before the grand jury and the prosecutor knew of the perjury and did not do anything to correct it, rather covered it up because the "entire case [against him] [was] based on stolen negotiable items stolen by [the] confidential informant."

No doubt that the two-prong *Strickland* test applies to Aviles' instant ineffective assistance of counsel claims. *See* U.S. v. Braddy, 837 Fed.Appx. at 115 (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (articulating two components of a Sixth Amendment ineffective assistance of counsel claim: deficient performance and prejudice); Smith v. Murray, 477 U.S. 527, 535–36, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (applying the *Strickland* standard to appellate counsel);

- 13 -

United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002) ("The two-prong standard of Strickland v. Washington ... applies to a defendant's claim that his appellate counsel was ineffective.")).

The law is clear that "[a] criminal defendant has a right to the effective assistance of appellate counsel on the first appeal as of right", United States v. Scripps, 961 F.3d 626, 632 (3d Cir. 2020) (citing Evitts v. Lucey, 469 U.S. 387, 396-97, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)), and "[t]o assess the performance of appellate counsel, [the court] appl[ies] the two-prong test set forth in *Strickland* …." *Id.* (citation omitted). As to the first prong, "[i]n order to determine whether appellate counsel's performance fell below an objective standard of reasonableness, [the court] must analyze whether [a constitutional violation] even exists." *Id.* "If there was no underlying error, then appellate counsel was not ineffective for failing to raise this issue on appeal." *Id.* (citation omitted).

Second, the law is clear that counsel must consult with a defendant about an appeal. In United States v. Doss, 2017 WL 1709397, *3 (M.D. Pa. May 3, 2017), certificate of appealability denied, 2017 WL 5952261 (3d Cir. Aug. 25, 2017), the court stated:

In Flores-Ortega, the Supreme Court held that defense counsel must consult with their client about an appeal in situations where a rational defendant would want to appeal or where the defendant actually expressed interest in appealing. Flores-Ortega, 528 U.S. at 480, 120 S.Ct. 1029. The Court defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and

making a reasonable effort to discover the defendant's wishes." *Id.* at 478, 120 S.Ct. 1029.

Here, appellate counsel did consult with Aviles about his appeal and filed the appeal on his behalf. Counsel raised appropriate, non-frivolous claims regarding the district court's denial of Aviles' suppression motion, but the Third Circuit nonetheless affirmed the district court's decision. (*See* Doc. 989-1, at 9, 20-33). Simply because counsel did not raise all of the issues on appeal Aviles wanted raised does not amount to ineffective assistance of counsel. "The Sixth Amendment does not require appellate counsel to raise every claim suggested by a client, even if those claims are colorable, as it runs the risk of burying good arguments—those that ... go for the jugular." Green, 2016 WL 11201635, *5 (citing Jones v. Barnes, 463 U.S. 745, 754 (1983)). "Because post-trial counsel is permitted on direct appeal to forego claims, the Court cannot say this strategy was not sound." *Id*. "Moreover, [as discussed below,] [Aviles] has made no showing that had counsel raised [his additional] claims, [], he would have prevailed on appeal." *Id*.

Here, to show ineffective assistance of counsel, Aviles must demonstrate both (1) that Appellate counsel's representation as his appellate counsel was objectively unreasonable and, (2) that Appellate counsel's alleged errors by failing to raise the above stated issues on appeal regarding the district court's decision denying his suppression motion was reasonably likely to have affected the outcome.

- 15 -

"Failure on the part of [ ] appellate counsel to raise [ ] an obviously winning claim clearly falls below an objective standard of reasonableness ...." *Goff v. Bagley, 601 F.3d 445, 466 (6th Cir. 2010)*. However, Aviles' counsel cannot be found ineffective for failing to raise a meritless claim on appeal. *See United States v. Angell, 256 F.Supp.3d 557, 561 (E.D. Pa. 2017)*.

In this case, Aviles' appellate counsel did if fact challenge the validity of the search warrant in the appeal brief he filed for Aviles and raised the pertinent issues in the brief that Aviles now tries to relitigate in his §2255 motion. (*See* Doc. 989-1). As the government states, (Doc. 989 at 14), in its brief:

> Aviles's 2255 motion is an improper attempt to relitigate his suppression motion through a collateral challenge to his conviction. Aviles, through trial and appellate counsel, litigated the merits of the motion and lost before [the district and Third Circuit] courts. In his 2255 motion, Aviles has repackaged these same arguments as claims that his appellate counsel rendered ineffective assistance by failing to include certain additional factual allegations in his brief to the Third Circuit with respect to [alleged] material falsities and omissions in the [search] warrant application. Review of the brief that appellate counsel prepared regarding the suppression issue rebuts Aviles's contention that counsel's work fell below a reasonable professional standard.

Specifically, as the government summarizes, (Id.), in its brief:

[I]n Appellate counsel's appellate brief,] [h]is lead argument on appeal was that "the warrant by which officers secured the evidence introduced against Mr. Aviles was based on an affidavit that – as all agreed before the district court –contained false statements and omissions of fact." Gov't Ex. 1, [Doc. 989-1] at 15. The brief reveals

- 16 -

counsel's reasoned judgment in selecting the factual and legal issues to argue in support of this claim. None of the additional facts Aviles alleges in his motion would have strengthened counsel's argument on appeal. Counsel also effectively argued those issues in the brief, highlighting that the warrant indicated that "recorded currency" was used to purchase the drugs from Aviles, but that on at least two occasions the confidential informant had not been provided with currency, but instead exchanged the informant's own personal property for the drugs. Id. at 16-17. Counsel also argued that material information was omitted from the warrant application, including that the informant was a heroin addict; that she had previously disobeyed instructions from officers, including by arranging meetings with Aviles without their knowledge; and that she had a relationship with Aviles. Id. at 17. Counsel argued that these omissions and misstatements were recklessly made, and that they would have been material to the magistrate judge's determination of whether the informant was reliable. Id. at 18-21. Counsel also argued that the district court's analysis of Franks v. Delaware, 438 U.S. 154 (1978), was flawed, and that the Court misapplied the standard of proof in denying Aviles's motion.

Thus, the stated issues appellate counsel argued in his brief challenging the district court's denial of Aviles' suppression motion, which are largely the basis for Aviles' instant §2255 ineffectiveness claims, were in fact raised on appeal and rejected by the Third Circuit.

"Where a petitioner challenges the validity of his sentence under §2255, '[t]he test for prejudice under *Strickland* is not whether petitioner would likely prevail upon remand, but whether [the Third Circuit] would have likely reversed and ordered a remand had the issue been raised on direct appeal." Scripps, 961 F.3d at 634 (quoting United States v. Mannino, 212 F.3d 835, 844 (3d Cir. 2000)). Here, since Appellate counsel did raise all of the appropriate issues on appeal regarding the search warrant and the denial

of Aviles' suppression motion and since the Third Circuit already found no merit to them, there is no chance that the Third Circuit would have reversed the district court's decision and remanded Aviles' case even if his counsel did include the additional allegations Aviles now asserts his counsel should have raised. In short, the additional allegations stated by Aviles in his §2255 motion that he claims Appellate counsel should have added to his appeal brief would clearly not have effected the outcome of his appeal with respect to the Third Circuit's affirmance of the district court's denial of his suppression motion.

Moreover, in its opinion, the Third Circuit, (Doc. 822-2 at 9-12), thoroughly considered substantially the same claims that Aviles now raises in his §2255 motion. In his appeal seeking the Third Circuit to "vacate his conviction because the District Court erred by denying his motion to suppress", the Court found, '[i]n this case, regardless of whether the alleged omissions and misstatements were made knowingly or recklessly, Aviles has failed to substantially show that probable cause would have been lacking if they had not been made." The Court then considered several facts that "were supported by the affidavit and would have been unaffected by the deletion of the misstatements and the inclusion of the omissions." (Id. at 11).

The Third Circuit concluded:

These facts, on their own, provided probable cause to support the issuance of the warrant. Moreover, they are dependent upon police observation and, thus, would not be affected by a judge's questioning

- 18 -

of RCI-1's credibility. Because Aviles has not made a substantial showing that the alleged omissions and misstatements would have been material to the magistrate judge's probable cause determination, we conclude that the District Court did not err in denying his request for a *Franks* hearing. Accordingly, because he failed to meet his burden to support a *Franks* hearing, he necessarily cannot show that his motion to suppress should have been granted. We will affirm the District Court's denial of th[e] [suppression] motion.

Thus, as the government points out, (Doc. 989 at 17), "the court of appeals thoroughly considered [appellate counsel's] arguments and concluded that notwithstanding the [alleged] material discrepancies and omissions in the [search warrant] affidavit, there remained substantial evidence showing that Aviles was trafficking controlled substances, and that probable cause existed for the search warrant that issued."

Aviles' allegations in his §2255 motion regarding the additional discrepancies and omissions which he contends that appellate counsel should have raised on appeal are "immaterial to whether there was probable cause to believe that Aviles was trafficking in controlled substances from his residence and elsewhere." (Id.). The Third Circuit's opinion reveals that the Court did consider appellate counsel's arguments regarding the search warrant but found them to be without merit "not because they were poorly made, but because the other undisputed facts regarding what the officers knew about Aviles, what they observed during each of the controlled buys, and the fact of the drug transactions that were conducted with Aviles, supported a finding of probable cause." (Id.) (*See also* Doc. 822-2 at 11-12).

The claims that Aviles raises in his §2255 motion simply would not have had any effect on the Third Circuit's analysis, and despite his claims, the outcome of his appeal with respect to the Court's affirmance of the district court's ruling on his suppression motion would not have changed.

In being "highly deferential" in assessing appellate counsel's performance, as required, Aviles has failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Thus, appellate counsel's performance was objectively reasonable.

Aviles has also failed to meet his burden under second prong of the *Strickland* analysis since "[the court can] not grant habeas relief if the defendant suffered no prejudice." United States v. Scripps, 961 F.3d 626, 634 (3d Cir. 2020) (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052). "Where a petitioner challenges the validity of his sentence under §2255, '[t]he test for prejudice under *Strickland* is not whether petitioner would likely prevail upon remand, but whether [the Third Circuit] would have likely reversed and ordered a remand had the issue been raised on direct appeal." *Id*. (quoting United States v. Mannino, 212 F.3d 835, 844 (3d Cir. 2000)). *See also* Strickland, 466 U.S. at 697 (the court can deny an ineffective assistance of counsel claim solely on a finding of no prejudice).

Nor does the court find any merit to Aviles' ineffective assistance of trial counsel claim for failing to call the confidential informant ("CI") as a

- 20 -

witness at his trial. Aviles alleges, without any support, that the confidential informant "is the only witness [who] could put [him] in the crime scene", and that if the CI was called to testify, the cross-examination of the CI "would give the entire trial a different outcome." (Doc. 964, Claim two). However, the record and the overwhelming evidence offered at trial against Aviles does not support his allegations. (*See* PSR Doc. 598 at 8-11). Moreover, the evidence at trial was largely based on the investigating officers personal observations of the controlled drug buys involving Aviles and thus, the outcome of the trial would not have been affected even if his trial counsel questioned the CI's credibility. As the Third Circuit indicated, (Doc. 822-2 at 11), "RCI-1 assisted the [officers] in a total of eight police-supervised controlled buys." Thus, even if Aviles' trial counsel erred by not calling the CI to testify, "there is no reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Shedrick, 493 F.3d 292, 299 (3d Cir. 2007).

As such, Aviles has failed to meet his burden to show that his trial counsel was ineffective. To state a successful claim for ineffective assistance of counsel, petitioner must show "both that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 521, 123 S.Ct. 2527 (2003). "A failure to make the required showing on either prong defeats a defendant's ineffective assistance of counsel claim." Ayers, 938 F.Supp.2d at 113. *See also* Green, 2016 WL

- 21 -

11201635, *4 (holding that Strickland, 466 U.S. at 697 "permitted denial of an ineffective assistance of counsel claim solely on a finding of no prejudice").

Finally, with respect to his additional claims in his §2255 motion, (Claims one and four), as the government points out, (Doc. 989 at 18), "Aviles never raised those issues with the district court or on appeal, and he does not claim anywhere in the motion that appellate counsel was ineffective for failing to advance these additional issues" and, "[b]y failing to advance these issues at trial or on appeal, the claims are procedurally defaulted now." The record in this case demonstrates that Aviles has defaulted his remaining claims since he did not raise them before the district court either before, during or after his trial, and he did not raise them with the Third Circuit on direct appeal. Nor can Aviles establish cause by blaming defense counsel for not raising these issues with the district court and not raising them on direct appeal since "[a]n attorney's error can constitute cause for a procedural default, [] only if the attorney's error amounted to constitutionally ineffective assistance." Pavulak v. United States, 248 F.Supp.3d 546, 556 (D. De. 2017 (citing Murray v. Carrier, 477 U.S. 478, 488–89, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Aviles does not claim that either his trial counsel or his appellate counsel were ineffective regarding his remaining claims, and "[t]herefore, [he] has failed to establish defense counsel's performance as cause for his default of [his remaining] claim[s]." Id.

- 22 -

Moreover, to the extent that Aviles alleges prosecutorial misconduct in his Claims one and four by the prosecutor to knowingly allow officers to testify falsely and by covering up their perjury, there is simply no evidence that the prosecutor knew or should have known that the testimony of any officer was actually false, and that he then knowingly used false testimony. *See* Reynolds v. United States, 2012 WL 12981962, *6 (M.D. Pa. Aug. 15, 2012) ("[T]he presentation of the false statement must be willful", and "[d]iscrepancy is not enough to prove perjury.") (citations omitted). "[M]ere inconsistencies in testimony fall short of establishing perjury and most certainly do not establish that the government knowingly utilized perjured testimony." United States v. Thompson, 117 F.3d 1033, 1035 (7th Cir. 1997). Further, as stated, that the evidence against Aviles demonstrating his vast drug trafficking activities was significant.

In short, the court need not accept Aviles' allegations with respect to his remaining claims as true if they "are unsupported by specifics [or] wholly incredible in the face of the record." Patton v. United States, 2010 WL 3191887, *1 (W.D. Pa. 2010) (citing United States v. Estrada, 849 F.2d 1304,1307 (10th Cir. 1988)). A review of the §2255 motion, the transcripts, exhibits, and the briefs of both parties, as well as the law and the claims, makes clear that Aviles' remaining allegations are wholly unsupported by the record.

## IV.   EVIDENTIRAY HEARING

Aviles has also filed a motion requesting an evidentiary hearing with respect to his §2255 motion. (Doc. 993). The court will deny this request. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b). *See* United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992) (The court is required to conduct an evidentiary hearing to ascertain the facts "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.")(citation omitted).

A review of the motion, the briefs, and the Exhibits, as well as the law and the claims make it clear that Aviles' allegations are wholly unsupported by the record. The court finds that Aviles is not entitled to an evidentiary hearing because the record conclusively establishes that he is not entitled to the relief sought in his §2255 motion. Therefore, the court, in its discretion, finds no reason to hold an evidentiary hearing. *See* Drayton v. United States, 2019 WL 1896601, at *8 (M.D. Pa. Apr. 29, 2019) (denying a motion to vacate without need for an evidentiary hearing because the defendant's claims of ineffectiveness of counsel were nothing more than a "series of subjective perceptions of the facts as well as unsubstantiated assertions

- 24 -

regarding the alleged ineffectiveness of his counsel" that were wholly unsupported by the record).

## V.     CERTIFICATE OF APPEALABILTY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Aviles has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims.

## VI.    CONCLUSION

Accordingly, the court finds no merit to Aviles' ineffective assistance of appellate and trial counsel claims raised in his §2255 motion, (Claims two and three), and finds that he has procedurally defaulted his remaining claims, (Claims one and four). Accordingly, Aviles is not entitled to Section 2255

relief and the court will **DENY IN ITS ENTIRETY** his motion to vacate. **(Doc. 964)**. The court will also **DENY** Aviles' motion for summary judgment, **(Doc. 986)**, as well as his motion for an evidentiary hearing, **(Doc. 993)**. Further, Aviles' motion for appointment of counsel, **(Doc. 995)**, will be **DENIED** since the court has found that Aviles' §2255 motion does not warrant relief. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 22, 2022**
15-181-01

- 26 -