UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 1:15-181 |
| JULIO AVILES, SR., | : | (JUDGE MANNION) |
| Defendant | : | |

# MEMORANDUM

Presently before the court is Defendant's *pro se* "Motion Sua Sponte" (Doc. 1087), presented as a motion for habeas relief under 28 U.S.C. §2241 and for reconsideration under Fed. R. Civ. P. 60(b), as well as Defendant's motion for reconsideration (Doc. 1096) regarding the denial of his motion for compassionate release. For the reasons set forth below, Defendant's first petition (Doc. 1087) will be **DISMISSED** without prejudice and Defendant's second petition (Doc. 1096) will be **DENIED IN ITS ENTIRETY**.

I.   BACKGROUND AND PROCEDURAL HISTORY[1]

On August 26, 2015, a grand jury returned a 21-count indictment charging Defendant and 12 co-defendants with drug trafficking and firearms offenses. (Doc. 1). Defendant was charged in 12 of the counts in the

---

[1] The complete background of this case can be found in *United States v. Aviles*, 938 F.3d 503, 505 (3d Cir. 2019), where the Third Circuit affirmed the District Court's denial of Defendant's suppression motion.

indictment. On September 3, 2015, Defendant entered a plea of not guilty to all charges filed against him. (Doc. 72).

On January 4, 2016, Defendant filed a motion to suppress evidence seized during a search warrant, arguing that the warrant was based upon false statements or omissions in the warrant application. (Doc 199). After conducting an evidentiary hearing, the District Court found that the search warrant was properly issued and denied Defendant's motion to suppress. (Doc. 254 at 3). Defendant proceeded to trial and was convicted on all 12 counts. (Doc. 437). On August 27, 2018, the Honorable John E. Jones III (now retired) sentenced Aviles to life imprisonment plus a mandatory consecutive sentence of 60 months' imprisonment for his firearm conviction. (Doc. 759).

Defendant appealed his conviction and sentence, whereby the Third Circuit affirmed the Districts Court's denial of Defendant's motion to suppress but vacated his life imprisonment sentence and remanded his case for resentencing. *United States v. Aviles*, 938 F.3d 503, 505 (3d Cir. 2019)

On October 21, 2020, the District Court resentenced Defendant to 360 months' imprisonment. (Doc. 903). Defendant appealed his new sentence and on July 29, 2021, the Third Circuit affirmed Defendant's judgment of

sentence. (Docs. 955 & 968-2). *See also United States v. Aviles*, 854 F. App'x 445, 446 (3d Cir. 2021).

Defendant subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. (Doc. 964). Defendant again attacked the District Court's decision to deny his suppression motion by way of a claim that his appellate counsel was ineffective, and again arguing that the affiants who obtained the search warrant submitted false information to the magistrate judge and omitted material information. *Id*. On March 22, 2022, the District Court denied Defendant's §2255 motion on the merits. (Doc. 1001).

In November 2022, Defendant filed a pleading requesting relief from his §2255 judgement pursuant to Federal Rule of Civil Procedure 60(b), which was docketed as a petition for habeas corpus pursuant to 28 U.S.C. §2241. (1:22-CV-1857, Doc. 1). As he did in his first §2255, Defendant challenged the denial of his motion to suppress evidence, alleged that witnesses lied at trial, and reasserted that the Government committed misconduct. *Id*. The District Court adopted Magistrate Judge Martin C. Carlson's report and recommendation on December 4, 2024, dismissing the §2241 petition for lack of jurisdiction as an unauthorized successive §2255 motion. *See Aviles v United States of America*, 1:22-CV-1857, 2023 WL 8373171 (M.D. Pa. Dec. 4, 2023). Defendant appealed the dismissal of his

habeas petition, and the Third Circuit affirmed the District Court's judgement. *Aviles v. United States*, 2024 WL 1342744 (3d Cir. 2024).

Defendant filed a second petition for habeas corpus on November 7, 2023, alleging further allegations of wrongdoing at the trial. (1:23-CV-01851, Doc. 1). The District Court adopted Magistrate Judge Susan E. Schwab's report and recommendation that the action also be dismissed for lack of jurisdiction or, in the alternative, as a second and successive §2255 petition. *Aviles v. United States*, 1:23-1851, 2024 WL 551885 (M.D. Pa. Feb 12, 2024).

Defendant remains confined at USP Lompoc serving his aggregate 360 months prison sentence and his projected release date is December 5, 2040.

## II.    DISCUSSION

On November 13, 2024, this Court filed an order in response to Defendant's second motion for compassionate relief, ruling that our first order denying Defendant's motion for compassionate relief will remain unaffected due to Defendant's extensive criminal history and the danger that he poses to the community. (Doc. 1086). Thus, it will not be relitigated herein. As for the habeas petition, this Court once again does not have jurisdiction over Defendant's claims. Defendant's petition is nothing more than reused

arguments which were rejected time and time again by the District Court and the Third Circuit. Nevertheless, this Court will remind Mr. Aviles of the law once more below, and why his petition under (Doc. 1087) will be dismissed.

### A. Relief Under §2241 and §2255

Two statutes provide federal prisoners with avenues for seeking postconviction relief: 28 U.S.C. §2255 and 28 U.S.C. §2241. *Jones v. Hendrix*, 143 S. Ct. 1857, 1863 (2023). Ordinarily, a federal prisoner seeking to collaterally attack his sentence must do so under §2255 rather than §2241. *Id*. To that end, §2255(e) bars a federal prisoner from proceeding under §2241 unless the §2255 remedy "is inadequate or ineffective to test the legality of his detention." *Id*. Separately, §2255(h) bars "second or successive" §2255 motions unless the motion relies on "newly discovered evidence," §2255(h)(1), or "a new rule of constitutional law," §2255(h)(2). *Id*.

Defendant has already filed petitions for relief under both 28 U.S.C. §2255 and §2241. Having exhausted his remedies available under §2255, Defendant again attempts to seek relief under 28 U.S.C. §2241, requesting that his sentence be set aside on the basis of an unlawfully obtained search warrant. Specifically, Defendant argues that the Government "created a falsehood in order to obtain and secure the search warrant", stating that "if the courts applied the correct and prove[n] facts, there [was] no probable

cause at all". (Doc. 1087). However, this court has already dismissed this argument for lack of jurisdiction in a previous order adopting Judge Schwab's report and recommendation, to wit:

> Upon review of the petition, Judge Schwab found that, to the extent the action is brought pursuant to §2241, this court lacks jurisdiction over the matter, as the petition must be filed in the district where the petitioner is currently incarcerated, i.e., the Central District of California. Moreover, Judge Schwab found that, to the extent the petitioner is challenging his conviction here in the Middle District, he must generally do so by way of a motion under 28 U.S.C. §2255. He cannot proceed under §2241 unless he demonstrates that §2255 is inadequate or ineffective to test the legality of his detention.

*Aviles v. United States*, 1:23-1851, 2024 WL 551885 at *1. Since Defendant remains incarcerated in California, he may only proceed under §2241 by showing that §2255 is adequate or ineffective, an exception known as the "savings clause". This savings clause is only available "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *See Jones v. Hendrix*, 599 U.S. 465, 478 (2023).

      Defendant clearly fails to meet this exception, as he simply reargues claims that have already been litigated. For instance, in his appeal to the denial of his suppression motion, the Third Circuit held that "Aviles has failed to substantially show that probable cause [to obtain the search warrant] would have been lacking if [the alleged omissions and misstatements] had

not been made." *United States v Aviles*, 938 F.3d at 509. The Third Circuit listed several facts which were dependent upon police observation, stating that "These facts, on their own, provided probable cause to support the issuance of the warrant." *Id.* Additionally, when Defendant appealed the District Court's dismissal of his prior §2241 for lack of jurisdiction, the Third Circuit held that "Aviles' claims, which were raised or could have been raised before, clearly do not come within the savings clause exception", and that his petition was "properly construed [by the District Court] as an unauthorized second or successive 2255" to which the Court lacked jurisdiction to hear. *Aviles v. United States*, 2024 WL 1342744, at *2. Defendant's petition, which fails to present newly discovered evidence or new constitutional authority, is nothing more than an unauthorized second or successive §2255 motion. *See generally Jones*, 143 S. Ct. at 1864-1869 (explaining that the inability of a prisoner to meet the requirements necessary to bring a successive §2255 claim does not mean that the prisoner may bring the claim in a §2241 petition.) Thus, Defendant has no basis to request relief under §2241.

### B. Federal Rule of Civil Procedure 60(b)

Rule 60(b) provides that a court may relieve a party from a final judgment based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could

- 7 -

not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A court has jurisdiction over Rule 60(b) motion that attacks "some defect in the integrity" of prior habeas proceeding. *Gonzalez v. Crosby*, 545 U.S. 524, 532, (2005). In contrast, a "motion presenting new evidence in support of a claim already litigated" is "in substance a successive habeas petition and should be treated accordingly". *Gonzalez* 545 U.S. at 531.

In Defendant's petition, rather than attacking the integrity of his prior §2255 proceeding, Defendant simply attacks his conviction and sentence on the basis of arguments that have already been rejected by both the District Court and the Third Circuit. In his first attempt under §2241, where he previously challenged the denial of his suppression motion, Judge Carlson held the following in his report and recommendation:

> Aviles does not challenge the integrity of his prior §2255 proceeding but rather merely attacks his conviction and sentence based upon averments and evidence that has already been rejected by this court and the Court of Appeals. Indeed, Aviles' current pleading

- 8 -

> does nothing more than rehash his displeasure with the District Court's decision to deny his motion to suppress the evidence obtained in his case by the search warrant, which he repeatedly claims was unlawfully obtained. However, these allegations do not gain persuasive power by virtue of repetition.

*Aviles v United States of America,* 1:22-CV-1857, 2023 WL 8418001 at *6. A motion for reconsideration is not a request to rethink a decision that the court has already made. *See Tobin v. General Elec. Co.,* Civ. A. No. 95–4003, 1998 WL 31875, *2 (E.D.Pa. Jan.27, 1998). Defendant's petition is again nothing more than an unauthorized successive §2255 motion which this court lacks jurisdiction to consider. *See Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

### III.   CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA

will not issue because Aviles has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims.

## IV.   CONCLUSION

Accordingly, this Court will **DISMISS** Defendant's motion pursuant to §2241 **(Doc. 1087)** without prejudice because it is effectively an unauthorized successive §2255 motion. Further, Defendant's motion for reconsideration denying his motion for compassionate release **(Doc. 1096)** is **DENIED IN ITS ENTIRETY**. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
United States District Judge

DATE: February 19, 2025
15-181-02